UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                           Case No. 19-20525

ANTOINE NOBLE,

        Defendant.
_____/

## OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION IN LIMINE

Defendant Antoine Noble is accused and set to stand trial for sex trafficking of children, 18 U.S.C. § 1591(a). (ECF No. 12, PageID.26-27.) The government has filed a motion to exclude evidence relating to the sexual history of a victim under Federal Rule of Evidence 412, and to protect the victim's identity under 18 U.S.C. § 3509. (ECF No. 44, PageID.238.) Defendant has chosen not to oppose the motion.[1] The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, the government's motion will be granted.

---

[1] In the government's motion, it fails to indicate whether, pursuant to Local Rule 7.1(a), it sought concurrence from Defendant. After the motion was filed, Defendants did not respond in opposition. Local Rule 7.1(a) mandates that parties engage in good-faith discussions before motions are filed. While the issues presented in the instant motion are significant and interesting, motions that are not contested constitute a waste of the court's time and impose unnecessary legal costs on clients, including the federal government. Counsel are instructed to fulfil their 7.1(a) obligations in future motion practice.

# I. STANDARD

## A. Rule 412

Federal Rule of Evidence 412 dictates that, in any "criminal proceeding involving alleged sexual misconduct", neither "evidence offered to prove that a victim engaged in other sexual behavior; [nor] evidence offered to prove a victim's sexual predisposition" is admissible. Fed. R. Evid. 412(a). Rule 412 is intended to apply to "any person alleged to be a victim of sexual misconduct regardless of the charge actually brought against the accused." Fed. R. Evid. 412, Advisory Comm. Notes (1994).

Moreover, courts nationwide, including the Sixth Circuit, have routinely applied this rule to victims of sex trafficking, specifically those engaged in prostitution. *United States v. Bell*, No. 17-CR-20183, 2021 WL 2134209, at *2 (E.D. Mich. May 26, 2021) (Goldsmith, J.) ("There is no dispute that Rule 412 governs."); *United States v. Mack*, 808 F.3d 1074, 1084 (6th Cir. 2015) (holding Rule 412 was properly applied when used to exclude evidence of a victim of sex trafficking's history of prostitution); *United States v. Jackson*, 627 F. App'x 460, 462-63 (6th Cir. 2015) (upholding the district court's choice to exclude evidence of previous prostitution in a child sex trafficking case); *see also United States v. Cephus*, 684 F.3d 703, 708 (7th Cir. 2012) (holding that Rule 412 applied where "prostitutes . . . were engaged in criminal activity, but they were also [sex trafficking] victims"); *United States v. Williams*, 564 F. App'x 568, 575 (11th Cir. 2014).

Rule 412 does, however, provide narrow exceptions by which evidence of this type may be admitted. The rule excludes evidence relating to the victim's sexual behavior or predisposition except in circumstances where the "value of the evidence

significantly outweighs possible harm to the victim." Fed R. Evid. 412, Advisory Comm. Notes (1994). In a criminal case, the court may admit:

> (A) evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;
>
> (B) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and
>
> (C) evidence whose exclusion would violate the defendant's constitutional rights.

Fed. R. Evid. 412(b)(1).

## B. § 3509

Title 18 U.S.C. § 3509(d)(3) specifies that on "motion by any person the court may issue an order protecting a child" from having information regarding their identity exposed "if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." Courts in this district, as well as those outside the district, have granted § 3509(d)(3) protection in cases involving alleged sex trafficking crimes. *See United States v. Gardner*, Case No. 16-20135, 2016 WL 5404207, at *4 (E.D. Mich. Sept. 28, 2016) (Drain, J.) (citing *United States v. Thompson*, 178 F. Supp. 3d 86, 96 (W.D.N.Y. 2016)). These protective measures recognize the "compelling interest in limiting identification of the victims given the anticipated explicit and sensitive nature of the evidence," while also acknowledging the "legitimate and substantial" interest in protecting the victim from adverse consequences due to their identities being associated with prostitution activity. *Id.* (quoting *United States v. Graham*, Case No. 14-500, 2015 WL 6161292, at *10 (S.D.N.Y. Oct. 20, 2015)).

3

## II. DISCUSSION

The court will first address the government's request to exclude the victim's sexual history under Rule 412 and will then turn to the request to protect the victim's identity under § 3509.

### A. Motion to Exclude Minor Victim-1's Sexual History Under Rule 412

The first contention in the government's motion is that evidence of Minor Victim-1's (MV-1) sexual history should be excluded under Rule 412. (ECF No. 44, PageID.240.) Because none of the Rule 412 exceptions apply, this request will be granted.

The first exception to Rule 412 is irrelevant here because semen, injury, and physical evidence is irrelevant to proving the elements of child sex trafficking under § 1591(a). In child sex trafficking cases, courts have held that physical evidence, such as semen and injury, is not relevant unless the government is trying to prove physical injury or left behind physical evidence. *United States v. Elbert*, 561 F.3d 771, 776 (8th Cir. 2009). The physical evidence exception to Rule 412 is so lacking in relevance for demonstrating a violation of § 1591(a) that courts have treated it as being beyond the need for consideration in these types of cases. *See, e.g.*, *Mack*, 808 F.3d at 1084; *United States v. Valenzuela*, 495 F. App'x 817, 820 (9th Cir. 2012). Here, the government affirms that it "does not intend to prove that Defendant sexually assaulted MV-1, or that he left behind physical evidence such as semen." (ECF No. 44, PageID.243.) Defendant does not state that he must use MV-1's sexual history to prove that physical evidence came from an individual other than himself, and the first Rule 412 exception does not apply.

Similarly, the second exception to Rule 412, use of evidence to prove "specific instances of a victim's sexual behavior with respect to [Defendant]," is not applicable. Fed. R. Evid. 412(b)(1)(B). Courts have repeatedly refused to extend the second Rule 412 exception to sexual behavior that does not refer directly to consent as to the accused. *See Mack*, 808 F.3d at 1084 (citing Fed. R. Evid. 412(b)(1)(B)); *Cephus*, 684 F.3d at 708. Sexual acts performed for the Defendant's financial benefit do not fall under the scope of this rule. *See Bell*, 2021 WL 2134209, at *2. In this case, any evidence that points to whether MV-1 consented to acts of prostitution does not refer to sexual behavior with the Defendant, and as such falls outside of the proper scope of the second Rule 412 exception. *Mack*, 808 F.3d at 1084; *Cephus*, 684 F.3d at 708; *Bell*, 2021 WL 2134209, at *2.

Finally, the third Rule 412 exception for evidence whose exclusion would result in a constitutional violation does not warrant admission of MV-1's sexual history. Claims that excluding evidence of a victim's previous sexual behavior violate defendants' rights to due process under the Fifth Amendment have been repeatedly rejected by courts, specifically in the sex trafficking context, in this district and courts outside the Sixth Circuit. *See Bell*, 2021 WL 2134209, at *2-3 (quotations removed) ("[T]he Due Process Clause does not give a criminal defendant the right to introduce irrelevant evidence."); *United States v. Ogden*, 685 F.3d 600, 605 (6th Cir. 2012) (rejecting Fifth Amendment challenge to exclusion of a victim's sexual history where the evidence was not "critical to [the defendant's] defense"); *Elbert*, 561 F.3d at 777 ("Because the victims [of sex trafficking] were minors and could not legally consent, the government did not need to prove the elements of fraud, force, or coercion, which are required for adult victims.").

The Due Process Clause guarantees only the right to present evidence that impacts the elements of the crime necessary to convict. *Bell*, 2021 WL 2134209, at *2 (quoting *United States v. Lockhart*, 844 F.3d 501, 509 (5th Cir. 2016)).

In this case, the government is attempting to prove that Defendant met the following elements: (1) he knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited the victim; (2) he knew or recklessly disregarded the fact that the victim was under the age of 18 and would be caused to engage in a commercial sex act; and (3) that the offense affected interstate commerce. 18 U.S.C. § 1591(a). None of these elements are impacted in anyway by MV-1's previous sexual behavior or acts of prostitution, and Defendant does present arguments to the contrary. Thus, the Due Process Clause exception to Rule 412 does not apply here because evidence of MV-1's sexual history is irrelevant to demonstrating the elements necessary to convict. *Bell*, 2021 WL 2134209, at *2-3; *Ogden*, 685 F.3d at 605.

Similarly, the argument that the Sixth Amendment right to confront witnesses provides an exception to Rule 412 has been rejected repeatedly by the Sixth Circuit. *Jackson*, 627 F. App'x at 462 ("The Sixth Amendment does not safeguard all avenues for cross-examination."); *Ogden*, 685 F.3d at 605. Moreover, courts have held that in cases of trafficking a minor, the victim's sexual history, or evidence of previous acts of prostitution have "no impeachment value." *Elbert*, 561 F.3d at 777 (reasoning that including such evidence would simply demonstrate that others are also guilty of prostitution related crimes, not exonerate the defendant). This supports Rule 412's underlying rationale: encouraging victims to report abusers without fear of

repercussions, which is especially important for cases involving minors. *Ogden*, 685 F.3d at 606. Thus, unless Defendant could show that the valid reasons for exclusion of evidence here are outweighed by the evidence's probative value in demonstrating his innocence, the third exception to Rule 412 does not apply. *Id.* at 605. Here, Defendant makes no effort to show how the value of this evidence outweighs the state interest in protecting victims.

None of the three exceptions to Rule 412 apply in this case, and the evidence of MV-1's previous sexual behavior will be excluded.

### B. Motion to Protect Minor Victim-1's Identity Under § 3509

Next the government moves for an order under 18 U.S.C. § 3509(d)(3) protecting the disclosure of MV-1's home address or current place of residence, and to refer to her only by first name. (ECF No. 44, Page ID.246.) For the following reasons, this request will be granted.

Despite the fact that MV-1 has turned 18 since the crime took place, she may still be protected under § 3509. MV-1 was under 18 at the time of the alleged crime, and § 3509(d)(3) is applicable. *See Gardner*, 2016 WL 5404207, at *6 (gathering cases) (holding that § 3509(d)(3) applies when victims "were minors at the time of the alleged crime but were over 18 at the time of testimony"). Consistent with the purposes of § 3509(d)(3), this holding will treat MV-1 with fairness and respect MV-1's dignity and privacy. *Id.* (quoting 18 U.S.C. § 3771(a)(8)). Moreover, the use of MV-1's full legal name would add "nothing substantive to her in court testimony". *Id.*

In applying § 3509, the court must determine whether there is a "significant possibility" that exposure of the victim's identity "would be detrimental to the child," 18

U.S.C. § 3509(d)(3), and here it is clear that such exposure would be. *See Thompson*, 178 F. Supp. 3d at 96 (quotations removed) ("[T]he Government has a compelling interest in protecting the victims from likely adverse personal, professional and psychological consequences of linking their identities to their past lives as sex workers."). The government cites the potential of harassment from the media, as well as other adverse personal and professional consequences that could result from her testimony were her identity not protected. (ECF No. 44, PageID.248). The court finds the government's argument's convincing, and Defendant has not opposed these points. Ramifications to MV-1's personal and professional reputation would likely follow if she were to be associated with sex trafficking and prostitution activities. Moreover, allowing these ramifications to fall on the MV-1 here would discourage future victims from stepping forward.

Furthermore, this protective order would not impair the Defendant's ability to investigate or examine the witness. The government correctly points out that Defendant will not need MV-1's full name, or MV-1's current or home address, to conduct adequate cross-examination. Based on these considerations it is appropriate to grant the protective order under § 3509(d)(3) allowing MV-1 to testify under her first name only, and to withhold disclosure of her home address and current place of residence.

### III. CONCLUSION

In this case, evidence of MV-1's previous sexual history does not meet any of the exceptions listed under Rule 412(b)(1). In addition, the court will protect MV-1's identity under § 3509(d)(3). Accordingly,

IT IS ORDERED that the government's "Motion in Limine" (ECF No. 44) is GRANTED.

IT IS FURTHER ORDERED that Defendant is barred from 1) producing introducing evidence of MV-1's sexual history; and 2) referencing evidence of MV-1's sexual history during jury selection, opening statements, and closing arguments.

IT IS FURTHER ORDERED MV-1 may testify using only her first name, without disclosing her home address or current place of residence.

Finally, IT IS ORDERED that the parties are barred from disclosing MV-1's last name during trial.

                               s/Robert H. Cleland          /
                               ROBERT H. CLELAND
                               UNITED STATES DISTRICT JUDGE

Dated: July 15, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 15, 2021, by electronic and/or ordinary mail.

                               s/Lisa Wagner             /
                               Case Manager and Deputy Clerk
                               (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-20525.NOBLE.MotioninLimine.SM.RMK.docx