UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                            Case No. 19-20525

ANTOINE NOBLE,

        Defendant.
_____/

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR RECONSIDERATION**

Defendant Antoine Noble is charged with one count of sex trafficking of children, 18 U.S.C. § 1591(a). (ECF No. 12, PageID.26–27.) On June 6, 2021, the government, in preparation for trial, filed a motion *in limine*. (ECF No. 44.) In its motion, the government argued Federal Rule of Evidence 412 calls for the exclusion of evidence of Minor Victim-1's (MV-1) sexual history—namely her history of prostitution—that does not fall within the dates alleged in Defendant's indictment. (ECF No. 44.) The court granted that motion on July 15, 2021, both because the law supported the government's arguments and because Defendant did not file a timely response to oppose the government's contentions. (ECF No. 46.) Now before the court is Defendant's Motion for Reconsideration (ECF No. 48) with an accompanying brief that functionally serves as a response to the government's motion *in limine*. Defendant seeks to admit evidence of MV-1's prior acts of prostitution. (*Id.*)

To prevail on a motion for reconsideration, a party "must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be

heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3); *see also Indah v. U.S. Sec. & Exch. Comm'n*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (Borman, J.). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3); *see also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015) (Steeh, J.).

Defendant had until July 11, 2021, to file a response to the government's motion *in limine*, which is the subject of his Motion for Reconsideration. The parties stipulated to extend this deadline until July 15, 2021, but Defendant did not file the stipulation with the court until after the July 11 deadline. (ECF No. 48, PageID.265.) Because Defendant filed the stipulation too late, the court treated the government's motion *in limine* as unopposed. (ECF No. 46, PageID.253.) Therefore, Defendant can arguably point to a palpable defect by which this court has been misled—namely, given that the government stipulated to an extension of the deadline, the court should have considered Defendant's arguments before ruling on the government's motion *in limine*. But even assuming this was a palpable defect—and that assumption is doubtful given that the parties do not control by stipulation extensions to the court's filing deadlines—Defendant's Motion for Reconsideration will be denied because, as explained below, correcting the palpable defect would not result in a different disposition in this case. *See* E.D. Mich. LR 7.1(h)(3).

The government contends that evidence of MV-1's commercial sex activities that are not at issue in this case should be excluded at trial. (ECF No. 44, 51.) The Federal Rules of Evidence prohibit in any "criminal proceeding involving alleged sexual misconduct" either "evidence offered to prove that a victim engaged in other sexual behavior; or evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. 412(a). Rule 412 is intended to apply to "any person alleged to be a victim of sexual misconduct regardless of the charge actually brought against the accused." Fed. R. Evid. 412, Advisory Comm. Notes (1994). But there are exceptions to the prohibition of this type of evidence; the rule dictates, in relevant part, that a court may admit in a criminal case "evidence whose exclusion would violate the defendant's constitutional rights." Fed. R. Evid. 412(b)(1)(C).

In his Motion for Reconsideration, Defendant argues that excluding evidence of MV-1's history of prostitution would violate his Fifth and Sixth Amendment rights—particularly his right to present a complete defense, his right to due process, and his right to confront hostile witnesses. (ECF No. 48, PageID.268–69.) While Defendant admits that the court has already "addressed both of Defendant's Fifth and Sixth Amendment claims," he maintains that "the particularized facts of this case give meaning to Defendant's arguments." (*Id.*, PageID.269.) The court disagrees.

"The Sixth Amendment does not safeguard all avenues of cross-examination." *United States v. Jackson*, 627 F. App'x 460, 462–63 (6th Cir. 2015). And whether it is protected by the Fifth or Sixth Amendment, a defendant's right to present a complete defense generally trumps Rule 412 only where the evidence is "central to the

3

defendant's claim" and there is no "valid state justification" for exclusion. *United States v. Ogden*, 685 F.3d 600, 605 (6th Cir. 2012).

Significantly, Defendant acknowledges that courts uniformly deny requests to use evidence of prior or subsequent acts of prostitution against victims of sex trafficking on cross-examination. (ECF No. 48, PageID.272.) Indeed, the court's order on July 15, 2021 (ECF No. 46), which granted the government's motion *in limine*, noted an abundance of similar cases that resulted in exclusion of such evidence. *See, e.g.*, *Ogden*, 685 F.3d at 605 (rejecting Fifth and Sixth Amendment challenges to exclusion of a victim's sexual history where the evidence was not "critical to [the defendant's] defense"); *United States v. Gardner*, No. 16-cr-20135, 2016 WL 5404207, at *3 ("Sixth Circuit precedent uniformly favors excluding a victims' prior history of prostitution because such acts have no bearing on whether the defendant in a current case forced a victim into prostitution."); *United States v. Bell*, No. 17-cr-20183, 2021 WL 2134209, at *2–3 (E.D. Mich. May 26, 2021) ("[T]he Due Process Clause does not give a criminal defendant the right to introduce irrelevant evidence."); *United States v. Elbert*, 561 F.3d 771, 777 (8th Cir. 2009) (rejecting defendant's Fifth and Sixth Amendment arguments and noting evidence had "no impeachment value" because "evidence the children previously engaged in prostitution does not contradict evidence the children engaged in the acts of prostitution for which [the defendant] has been charged").

Here, Defendant claims his case is unique because his purpose for offering the evidence is not to argue that MV-1 has a particular propensity. (ECF No. 48, PageID.272.) Rather, the thrust of Defendant's argument is that without evidence of MV-1's other acts of prostitution, he cannot show MV-1's ulterior motives to testify,

4

effectively denying him due process and a "meaningful opportunity to present a complete defense." (*Id.*, PageID.270–72.) Similarly, he argues exclusion would violate his Sixth Amendment confrontation right, as he claims this evidence is "highly relevant" for cross-examination to show "the bias of MV-1 and motivation to lie." (*Id.*, PageID.274.) For instance, Defendant explains that the evidence might reveal MV-1's "personal motive to fabricate or embellish to protect herself from potential charges related to her own wrongdoing." (*Id.*, PageID.273)

The court remains unconvinced that exclusion would violate his constitutional rights. Defendant offers the same arguments that have been repeatedly rejected by other courts. *See, e.g.*, *United States v. Givhan*, 740 F. App'x 458, 464 (6th Cir. 2018) (rejecting defendant's Confrontation Clause arguments under Rule 412 because "even if this evidence were marginally relevant to a prototypical form of bias, which it is not," the danger of "the jury's propensity inference" justified exclusion). In *United States v. Jackson*, for example, the Sixth Circuit rejected the defendant's argument, rooted in the Sixth Amendment, that "each victim's prostitution history reveals [a] motive to tag [the defendant] as her pimp to avoid prosecution" and therefore must be admitted. 627 F. App'x at 462–63. The *Jackson* court held the defendant was not denied his confrontation rights nor an opportunity to present a complete defense. *Id.* His constitutional interests were negligible given the tenuous relationship to the issues of the case, especially considering other admissible evidence the jury could use to assess motive or bias. *Id.* His interests were outweighed by the interests associated with the rape-shield law, "particularly because the victims were minors." *Id.* at 463.

5

As in *Jackson*, Defendant is free to attack bias or motive in other ways, such as asking about any agreements to testify in exchange for immunity or the extent of MV-1's own involvement in the commercial sex activities that are at issue in the indictment. The government recognizes those topics as appropriate lines of questioning. (ECF No. 51, PageID.287.) But inquiring specifically into MV-1's other, unrelated acts of prostitution is far from "central to the defendant's claim of innocence." *Ogden*, 685 F.3d at 605. Defendant is fully able to present a complete defense and cross-examine MV-1 on her biases, motives, or any inconsistent statements without revealing her unrelated prostitution activities to the jury. Defendant's constitutional interests are tenuous and outweighed by Rule 412's interest in "encourag[ing] victims of sexual abuse to report their abusers," which is "especially important" in cases where "the victim was underage." *Ogden*, 685 F.3d at 606.

Notably, Defendant does not cite a single case that permits the admission of this type of evidence. (ECF No. 48.) But this is not surprising, given that courts have observed the use of such evidence to impeach a sex trafficking victim's testimony is irrelevant and "embod[ies] a particularly offensive form of stereotyping." *See Jackson*, 627 F. App'x at 462 (quoting *United States v. Anderson*, 139 F.3d 291, 303 (1st Cir. 1998)).

Defendant may have arguably pointed to a palpable defect by which the court has been misled, but crucially, it is apparent his arguments would not warrant a different disposition of the case.[1] *See* E.D. Mich. LR 7.1(h)(3); *Indah*, 661 F.3d at 924.

---

[1] Further supporting a conclusion that a different disposition would not result is that this evidence fails a balancing test under Rule 403. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger

6

Defendant's Fifth and Sixth Amendment arguments are not unique; they have been routinely rejected in the Sixth Circuit. In short, Defendant's motion "merely present[s] the same issues ruled upon" by the court on July 15, 2021, and it does not add any value as his contentions are contrary to law. *See* E.D. Mich. L.R. 7.1(h)(3). Accordingly,

IT IS ORDERED that Defendant's Motion for Reconsideration (ECF No. 48) is DENIED.

        s/Robert H. Cleland     /
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: September 20, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 20, 2021, by electronic and/or ordinary mail.

        s/Lisa Wagner     /
        Case Manager and Deputy Clerk
        (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-20525.NOBLE.MotionForReconsideration.MAZ.3.RHC.docx

---

of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). While it marginally shows bias or motive, the evidence is barely probative as to any elements of Defendant's sex trafficking offense. The probative value is substantially outweighed by the serious danger of unfair prejudice and misleading the jury. Thus, the evidence in dispute is inadmissible. *See Jackson*, 2014 WL 1660062, at *2 ("Introduction of such evidence would accordingly have a tendency to confuse the issues at trial and invite the jury to make its decision on an improper basis.").